IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA )
 )
v. )  3:11cr74-ECM-SRW
 )
JEFFERY MONKENTEE HILL )

## OPINION

As noted by the district judge in her order of January 29, 2019 (Doc. 77), the United States has filed a "motion to revoke" the order of the court releasing the defendant pending a revocation hearing in this case. *See* Doc. 76. Although a written opinion by the court detailing the reasons for defendant's release pending his revocation hearing was not required by law, the undersigned deems it appropriate to set out those reasons below, in summary, should the district judge decide to review the release order.[1]

1. Contrary to the government's representation in its motion to revoke, defendant was not "held … without bond pending his trial" in this case. *See* Doc. 76 at 3. On May 8, 2011, Judge Moorer detained the defendant. *See* Doc. 14. However, upon defendant's motion for reconsideration, Doc. 23, Judge Moorer released the defendant on conditions on June 20, 2011. *See* Doc. 27. Defendant continued on release, without any incident that the probation office chose to bring before the court,[2] from that time until he was sentenced on February 24, 2012 – a period of some seven months.

2. Defendant's supervised release began on March 15, 2016. *See* Doc. 59. He remained on release without incident until he was arrested during a traffic stop on December 26, 2018 – that is, for a period just short of three years. During that time, defendant passed all drug tests administered by probation and, until August

---

[1]  The undersigned is aware that, given the short time frame, the district judge may choose not to reach the motion to revoke before the revocation hearing in this case.

[2]  Defendant tested positive for drugs early in his pretrial release, but no request to revoke was filed. *See* Doc. 48 at 13.

of 2018, when he says he had medical problems, he held steady employment and passed all drug tests for his employer. He also incurred no criminal charges or other violations during that period, and evinced no signs of dangerousness or risk of flight.

3. The charges brought against defendant in the revocation petition are essentially that, after he was stopped by law enforcement for crossing the center line of a roadway in late December and voluntarily consented to a dog sniff, defendant was found to be in a vehicle containing a small amount of marijuana (described as "a crumb"), two packages of Swisher Sweets (characterized as paraphernalia), a quantity of cash (for most of which defendant had a bank receipt), and a weapon in the console (for which his sister, who also used the vehicle, had a bill of sale[3] and a license). These are serious charges, and defendant's supervised release may well be revoked by the district judge. However, the evidence brought against defendant in the probable cause hearing was significantly disputed, and the court considered that fact in assessing the weight of this evidence. In addition, the government chose to present little additional evidence during the hearing that was relevant to detention, other than the conclusory opinion of the probation officer that the defendant should be detained.

In light of the foregoing, and upon consideration of the entire record, the undersigned determined under Fed. R. Crim. P. 32.1(a)(6) that the defendant was not likely to flee or pose a danger to the safety of any other person or the community if he were released pending the revocation hearing.

Done, on this the 30th day of January, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

---

[3] The government appeared to intimate during cross-examination that some part of the bill of sale may have been a forgery, but it did not either address or explain this theory in argument.